UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| Jennifer Miles, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Cefco, and Fikes Wholesale, Inc.<br><br>Defendants. | Civil Action No.:  7:20-cv-00143<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiff Jennifer Miles ("Plaintiff"), by and through the undersigned counsel, in her individual capacity, and on behalf of a proposed collective of similarly-situated female employees, bring this action to address gender discrimination in employee pay practices perpetrated by Defendant, Cefco, and Defendant, Fikes Wholesale, Inc., ("Fikes Wholesale", collectively as "Cefco" or "Defendants") in violation of the Equal Pay Act of 1963 ("Equal Pay Act"), 29 U.S.C. § 206, *et seq*. Based on their personal knowledge with regards to Plaintiff and Plaintiff's actions, and on information and belief as to all other matters, Plaintiff alleges as follows:

### THE PARTIES

*Plaintiff*

1. Plaintiff Jennifer Miles ("Ms. Miles") is an adult female residing in Tyler, Texas. From approximately June 2017 to October 27, 2017, Ms. Miles was an employee of Cefco, as defined by the Equal Pay Act. From approximately June 2017 to October 27, 2017, Ms. Miles was a salaried Store Manager. As a Store Manager, Ms. Miles was consistently and systematically

paid less than her male counterparts for the same work.  Ms. Miles executed a Consent to Join form pursuant to 29 U.S.C § 216(b), which is attached and incorporated hereto as **Exhibit A**.

### *Defendants*

2. Defendant Cefco is Texas Partnership, with its principal place of business in 6261 Central Pointe Parkway, Temple, Texas.  Upon information and belief, Cefco, is owned by Fikes Wholesale.  Cefco operates approximately 252 retail gasoline and convenience stores with stores in Texas, Alabama, Arkansas, Louisiana, Mississippi, Oklahoma, and New Mexico.[1]

3. At all times relevant to this action, Cefco was an employer as defined by the Equal Pay Act.  At all times relevant to this action, Cefco acted as Plaintiff's employer.

4. At all times relevant herein, Cefco has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

5. At all times relevant herein, Cefco has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

6. At all times relevant herein, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Cefco has had (and has) a gross volume of sales, made or done business in an amount of at least $500,000.00.

7. Defendant, Fikes Wholesale, Inc. is a Texas corporation.

---

[1] https://www.cspdailynews.com/company-news/cefco-adds-store-texas

8. Defendant, Fikes Wholesale, is a multi-branded petroleum products marketer that has been in business for 59 years.

9. Defendant, Fikes Wholesale, owns and operates the Cefco retail gasoline and convenience stores.

10. At all times relevant to this action, Defendant, Fikes Wholesale was an employer as defined by the Equal Pay Act. At all times relevant to this action, Fikes Wholesale acted as Plaintiff's employer.

11. At all times relevant herein, Defendant, Fikes Wholesale is and has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all times relevant herein, Defendant, Fikes Wholesale is and has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

13. At all times relevant herein, Defendant, Fikes Wholesale is and has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Defendant, Fikes Wholesale has had (and has) a gross volume of sales, made or done business in an amount of at least $500,000.00.

14. Plaintiff asserts Count I of this Complaint, on behalf of herself individually and a Collective of similarly-situated female employees, for violations of the Equal Pay Act (herein "EPA Collective"). Plaintiff seeks to recover damages for the EPA Collective and herself, including, but not limited to, back pay, liquidated damages, reasonable attorneys' fees, and litigation costs.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this suit pursuant to the Equal Pay Act of and 28 U.S.C. § 1331.

16. Venue is proper in this District pursuant to 28 U.S.C § 1391(b). The unlawful employment practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District. Further, Cefco regularly transacts substantial business within this District.

17. Upon information and belief, Defendants regularly conduct business in this District.

18. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

19. Within Cefco's convenience stores, Cefco maintains strict, centralized control over its employees. In order to maintain this control, Cefco has a rigid top down, hierarchical corporate structure.

20. Store Managers working in Cefco's convenience stores report directly to a District Manager.

21. Upon information and belief, Cefco's District Managers report to its Regional Managers.

22. Cefco's District Managers, in conjunction with Cefco's executive leadership, execute a top down wage policy, which consistently, systematically, and willfully pay female salaried Store Managers less than their male colleagues, that work in the same position, and perform the same work.

23. Cefco's deliberate gender discrimination against women manifests itself in the pay rate of salaried Store Managers throughout Cefco's convenience stores.

24.     The wage disparity between female and male salaried Store Managers within Cefco's convenience stores is based solely on gender.

**PLAINTIFF JENNIFER MILES'S EXPERIENCE AS A CEFCO EMPLOYEE**

25.     Ms. Miles first worked at a Cefco in 2017.

26.     From approximately June 2017 until the date she left in October 2017, Ms. Miles worked at Cefco as a General Manger.  Ms. Miles worked in White Oak, Bossier, Queen City, Longview, and Gladwater, Texas Cefco stores.

27.     Ms. Miles's last position within Cefco was as a salaried Store Manager, she left on or about October 2017.

28.     Ms. Miles was hired as a Store Manager at approximately $40,000 per year.

29.     Ms. Miles was aware that Cefco at the time she was hired that her starting salary was less than male employees who were being hired from outside Cefco, the male employees had starting salaries of 55,000.00 per year, which was more than Ms. Miles was earning.

30.     Ms. Miles was also aware that she was training the incoming male Store Managers, and while she had been with the company and experienced enough in the position to train the incoming managers, they were still being paid a higher salary.

31.     Ms. Miles was an exemplary employee for Cefco, and yet she was consistently and willfully paid less than her male colleagues with the same title performing the same job responsibilities.  Cefco had no basis, other than gender, to pay Ms. Miles less than her male colleagues.  Cefco's actions were deliberate and willful violations of the Equal Pay Act.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE EQUAL PAY ACT**

32.     Cefco has engaged in systemic gender discrimination against its female employees. Cefco has caused, contributed to, and perpetuated gender-based pay disparities through common

policies, practices, and procedures, including but not limited to common compensation and centralized decision-making.

33. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures resulting in unequal pay earned by female employees in Cefco's convenience stores.

34. Plaintiff brings this claim for violations of the Equal Pay Act as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all members of the EPA Collective. The EPA Collective is defined as follows:

> All female employees who are or have been employed by Defendant CEFCO. as salaried Store Managers from three (3) years prior to the filing date of this Complaint up until judgment is entered in this action.

35. Plaintiff seeks to represent all female Store Managers, as described above, whom were paid less than male employees for doing similar work. The systemic gender discrimination described in this Complaint has been, and is, continuing in nature.

36. Questions of law and fact common to the EPA Collective and Plaintiff include but are not limited to the following:

   a. Whether Cefco unlawfully failed and continues to unlawfully fail to compensate female Store Managers at a level commensurate with comparable male employees;

   b. Whether Cefco's policy, practice, or procedure of failing to compensate female Store Managers at a level commensurate with comparable male employees violates the applicable provisions of the Equal Pay Act; and

   c. Whether Cefco's failure to compensate female Store Managers at a level commensurate with comparable male employees was willful within the meaning of the Equal Pay Act.

37. Plaintiff's Equal Pay Act claim may be maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) because Plaintiff is similarly-situated to the female employees described in the EPA Collective. Plaintiff's claims are similar to the claims asserted by the EPA Collective.

38. Plaintiff and the EPA Collective are (a) similarly situated; and (b) are subject to Cefco's common compensation policies, practices and procedures and centralized decision-making resulting in unequal pay based on sex by failing to compensate female Store Managers at a level commensurate with male Store Managers who perform substantially equal work and/or hold equivalent levels, job titles, and positions.

### COUNT I
### (INDIVIDUAL AND COLLECTIVE ACTION CLAIM)
### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED BY THE EQUAL PAY ACT OF 1963 ("EQUAL PAY ACT"), 29 U.S.C. § 206, *ET SEQ*. DENIAL OF EQUAL PAY FOR EQUAL WORK
### (Asserted by Plaintiff and the Collective Action Members)

39. Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

40. This Count is brought on behalf of Plaintiff and all members of the EPA Collective against Defendant Cefco.

41. Cefco is an employer of Plaintiff and the members of the EPA Collective within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206, *et seq*., as amended by the Equal Pay Act.

42. Cefco has discriminated against Plaintiff and the members of the EPA Collective by paying them less than similarly-situated male Store Managers who performed jobs which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

43. Defendant discriminated against Plaintiff and the members of the EPA Collective by subjecting them to common discriminatory pay and performance management policies, including discriminatory salaries in violation of the Equal Pay Act.

44. The differential in pay between Plaintiff, members of the EPA Collective and similarly-situated male Store Managers was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was, in fact, due exclusively to sex.

45. Cefco caused, attempted to cause, contributed to, and caused the continuation of wage rate discrimination based on sex in violation of the Equal Pay Act.

46. Cefco intentionally paid Plaintiff and the members of the EPA Collective less than similarly-situated male Store Managers in violation of the Equal Pay Act. The foregoing conduct constitutes a willful violation of the Equal Pay Act within the meaning of 29 U.S.C. § 255(a). Because Cefco has willfully violated the Equal Pay Act, a three (3) year statute of limitations applies to such violations pursuant 29 U.S.C. § 255(a).

47. As a result of Cefco's unlawful conduct, Plaintiff as well as the members of the EPA Collective suffered and will continue to suffer harm, including, but not limited to, lost earning, lost benefits, lost future employment opportunities, and other financial losses, as well non-economic damages.

48. Plaintiff and the EPA Collective are entitled to all legal and equitable remedies available for violations of the Equal Pay Act, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF ON COUNT I**

WHEREFORE, Plaintiff, on behalf of herself and the EPA Collective, prays that this Court:

      A.      Designate this action as a collective action on behalf of the proposed EPA Collective and:

          a.    Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the EPA Collective, which (1) apprises them of the pendency of this action, and (2) permits them to assert timely Equal Pay Act claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

          b.    Equitable Tolling of the statute of limitations on the claims of all members of the EPA Collective from the date the original complaint was filed until the members of the EPA Collective are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

      B.      Designate Plaintiff's chosen counsel as counsel for the EPA Collective;

      C.      An injunction requiring Defendants to cease their unlawful practices;

      D.      Declare and adjudge that Cefco's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the Equal Pay Act;

      E.      Award back pay to Plaintiff and the members of the EPA Collective, including a sum to compensate Plaintiff and the members of the EPA Collective for any increased tax liability on a lump-sum award of back pay;

      F.      Award liquidated damages to Plaintiff and the members of the EPA Collective in the maximum amount available under the Equal Pay Act;

      G.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Plaintiff and the members of the EPA Collective;

      H.      Award Plaintiff and the members of the EPA Collective pre-judgment and post-judgment interest available under the Equal Pay Act;

      I.      Award Plaintiff and the members of the EPA Collective any other appropriate equitable relief; and

      J.      Award any additional relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff and the EPA Collective demand a trial by jury on all issues so triable.

Dated:  June 5, 2020

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore

Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

Marc S. Hepworth*
Charles Gershbaum*
David A. Roth*
Rebecca S. Predovan*
HEPWORTH GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, NY 10016
Tel: (212)545-1199
Fax: (212)532-3801

*Pro hac vice application forthcoming

**ATTORNEYS FOR PLAINTIFF**